JOHN A. BRUCE, plaintiff in error, *vs.* J. A. TURNER, executor, defendant in error.

Where there has been a verdict of the jury upon the merits of the issue between the parties, and the Judge refuses a new trial, this Court will not disturb the verdict if there be any evidence to sustain it.

Verdict. New Trial. Before Judge GREEN. Newton Superior Court. September Term, 1870.

This was complaint against Bruce upon his due bill for $120 00, given on the 19th of May, 1868, as "balance of settlement." Bruce pleaded that this due bill was the ending of a long, detailed course of borrowing money by him from plaintiff's testator, that its sole consideration was usury, and pleaded also an excess of usury paid, as a set-off. After hearing all the evidence, and the charge, the jury found for

Bruce *vs.* Turner.

.plaintiff for $137 50, being principal and interest.    Defendant moved for a new trial, upon the grounds that said verdict was larger than the principal sum sued for, and because the verdict was decidedly against the weight of the evidence, etc.    The new trial was refused, and that is assigned as error.

JOHN J. FLOYD, A. B. SIMS, for plaintiff in error.

CLARK & PACE, for defendant.

McCAY, J.

This is a case turning wholly upon the facts.    It is an effort to set aside the verdict of a jury, because contrary to evidence, and to overrule the judgment of the Judge in refusing a new trial.

As we have ruled over and over again, this cannot be done, except in a strong case, one which makes a case of illegality, one in which the jury has acted, from mistake or prejudice, and one in which the Judge has abused his discretion.    We do not think this is such a case.    Indeed we are inclined to think we would have found just as the jury did.    The evidence is conflicting, to say the least of it.    Clark testifies that the settlement was made, rejecting all usury, and the circumstances go strongly to show that this note was given in settlement, after all usury had been purged from the dealings between the parties in the transaction.

Judgment affirmed.